IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA, for the use
of GRAYBAR ELECTRIC COMPANY, a
New York corporation,**

      **Plaintiff,**

   **vs.**                                             **No.**

**MARKEL INSURANCE COMPANY, an
Illinois Corporation.**

      **Defendants.**

## COMPLAINT

The complaint of the United States of America for the use and benefit of Graybar Electric Company, a New York corporation ("Graybar") against Defendant Markel Insurance Company, an Illinois corporation ("Markel") states as follows:

## PARTIES AND JURISDICTION

1.     Graybar, use plaintiff in this action, is a corporation organized and existing under the laws of the State of New York. Graybar is engaged in the business of the supply of various electrical supplies and materials used and incorporated in works of improvement of real property.

2.     Defendant Markel, here referred to as defendant surety, is a corporation organized and existing under the laws of the State of Illinois and duly authorized to engage in the business of executing surety bonds in that state.

3.     Jurisdiction of this action is founded on the Miller Act - 40 U.S.C. §§ 3131 to 3134. Venue is proper in this district because the principal contract was to be performed and

executed in the District of New Mexico for the improvement of the Los Alamos National Laboratory.

## FACTS COMMON TO RELIEF REQUESTED

4. The United States of America, acting through U.S. Department of Energy, and Lauren Engineers & Constructors, Inc. ("Lauren") entered into a written contract, here referred to as the principal contract, by the terms of which Lauren agreed to provide work for the US 1485 Los Alamos National laboratory Phase 1 Steam Plant Replacement Project ("Project"); Purchase Order No. 4500802091.

5. In accordance with 40 U.S.C. § 3131, Lauren as principal, and Defendant Markel, as surety, on or about February 28, 2019, executed a payment bond to the United States by the terms of which Lauren, as principal, and Markel, as surety, bound themselves jointly and severally in the sum of $13,600,000, conditioned that if the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided in the above-mentioned principal contract, then this obligation to be void; otherwise, to remain in full force and effect.

6. The bond was duly accepted by the United States and, on such acceptance, the contract for the construction and completion of the Project was awarded to Lauren.

7. Subsequently, Graybar at the request of Lauren, and pursuant to a written agreement, provided the supply of electrical materials for use in the Project with a current amount now currently due and owing of $100,079.82.

8. Graybar was a supplier of Lauren, and the material provided to Lauren was required to be performed by Lauren for completion of the Project.

9. Lauren has failed and neglected to pay Graybar the sum of $100,079.82 in accordance with the agreement entered into by the Graybar and Lauren.

10. Upon information and belief it is alleged that Lauren has sought protection in bankruptcy proceedings.

11. Graybar further claims, upon information and belief, that defendant Lauren has failed and neglected to pay Graybar in accordance with the terms of the agreement in that Lauren did not always pay Graybar in direct relation to the payment made to Lauren, as required by the agreement between the parties.

**FIRST CAUSE OF ACTION – CLAIM UPON MILLER ACT PUBLIC WORKS PAYMENT BOND**

12. Graybar incorporates the allegations of all forgoing paragraphs as if fully set forth herein.

13. More than ninety (90) days have expired since Graybar last supplied materials in connection with the above-mentioned principal contract.

14. Graybar has complied with all rules and requirements of the Miller Act for perfecting a right of action under the above-described bond. All conditions precedent to the making of this claim have been performed or have occurred.

15. Graybar is entitled by law to recover interest on the above-stated amounts due at the maximum legal pre-judgment interest rate from the date the sums became due and owing to the date of judgment.  Graybar is also entitled by law to recover interest at a maximum legal post-judgment interest rate from and after the date of judgment until paid.

16. One (1) year has not elapsed from the date on which the last materials were supplied by Graybar for Lauren on the above-described government construction project, and

although due demand has been made on Lauren and Markel, no part of the sum of $100,079.82, or any interest on such sum, or any sums owed as stated above, has been paid to Graybar.

17. Graybar has employed the undersigned attorneys to enforce payment of this contract and is entitled, pursuant to the terms of the agreement, to recover reasonable attorney's fees.

WHEREFORE, the United States of America, on behalf of and to the use of Graybar, requests judgment against Defendant Markel, as follows:

1. For the sum of at least $100,079.82, with any additional amounts due subject to proof, together with the maximum rate of legal prejudgment interest from the date the sums became due and owing to the date of judgment, and the maximum rate of legal post-judgment interest from and after the date of judgment until paid;

2. For costs of this action;

3. For reasonable attorney's fees incurred in prosecuting this action; and

4. For such other and further relief as the court deems just and proper.

Dated:  August 31, 2021                         HOWARD & HOWARD ATTORNEYS, PLLC

　　　　　　　　　　　　　　　　　　　　　　 */s/ Brian J. Pezzillo*_____
　　　　　　　　　　　　　　　　　　　　　　Brian J. Pezzillo, Esq.
　　　　　　　　　　　　　　　　　　　　　　NM Bar #9029
　　　　　　　　　　　　　　　　　　　　　　3800 Howard Hughes Pkwy., Ste. 1000
　　　　　　　　　　　　　　　　　　　　　　Las Vegas, NV 89169
　　　　　　　　　　　　　　　　　　　　　　Ph:  702-667-4839
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 702-567-1568
　　　　　　　　　　　　　　　　　　　　　　bjp@h2law.com